IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT )
OF MAGNOLIA MARINE TRANSPORT )
COMPANY, AS OWNER AND )
OPERATOR OF THE M/V DENNIS ) No. 1-04-1206-T-An
ROSS, HER ENGINES, TACKLE, ETC. )
FOR EXONERATION FROM OR )
LIMITATION OF LIABILITY. )

## ORDER DENYING CLAIMANTS' MOTION TO LIFT STAY

Claimants Mary Nell Day, individually and as the surviving spouse of Wayne Day, deceased, Wayne Day, Jr., individually and as the surviving child of Wayne Day, Jimmy Bratcher, and Virginia Bratcher brought suit in the Circuit Court of Benton County, Tennessee, when Wayne Day and Jimmy Bratcher were involved in a boating accident with Defendant, Magnolia Marine Transport Company, owner and operator of the M/V DENNIS ROSS. On June 5, 2004, the M/V DENNIS ROSS collided with Day's and Bratcher's fishing boat at approximately mile 102 of the Tennessee River System near Camden, Tennessee. As a result of the accident, Day was killed and Bratcher sustained personal injuries. Claimants allege that the negligence, gross negligence, and recklessness of Magnolia Marine and Johnny Partaine, the captain of the M/V DENNIS ROSS, caused Day's and Bratcher's injuries. Claimants seek a total of $42,000,000.00 in damages.

On August 27, 2004, Magnolia Marine filed a verified complaint in this court for

This document entered on the docket sheet In compliance
with Rule 58 and/or 79 (a) FRCP on __04-22-05__

21

exoneration from or limitation of liability. Jurisdiction is proper under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. On August 30, 2004, this court entered an order restraining and enjoining all claims and legal proceedings against Magnolia Marine pursuant to the Limitation of Shipowner's Liability Act (the "Act"), 46 U.S.C. § 181 *et seq.*, and approving Magnolia Marine's stipulation that the value of the M/V DENNIS ROSS' pending freight at the time of the accident was $1,764,942.30, thus, limiting its liability to that amount. Before the court is Claimants' motion to lift the stay order. For the following reasons, Claimants' motion is DENIED.

The Limitation of Shipowner's Liability Act permits the owner of a vessel to "limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 446 (2001). Once a claim is filed against a shipowner, the shipowner may petition a court for exoneration from or limitation of liability and tender an adequate bond. 46 U.S.C. § 185. "Upon the shipowner's filing of the petition and his tender of an adequate bond, the district court must enjoin all other proceedings against the shipowner involving issues arising out of the subject matter of the limitation action." S & E Shipping Corp. v. Chesapeake & O. Ry. Co., 678 F.2d 636, 642 (6th Cir. 1982). The purpose behind enjoining all proceedings is not to prevent a multiplicity of suits but "to provide a marshalling of assets and for a setting of priorities among claims where the asserted claims

2

exceed the value of the vessel and its freight." Id. Actions pursued under the Act proceed in equity without a jury. Id.

Pursuant to 28 U.S.C. § 1333, district courts have exclusive original jurisdiction over "[a]ny case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." Thus, courts have generally found that the savings to suitors clause under § 1333 conflicts with the Act because the clause favors a right to trial by jury. Id.; see also In re Muer, 146 F.3d 410, 417 (6th Cir. 1998) (noting that the "'savings to suitors' clause of § 1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the plaintiff's choice.").

> In resolving this tension, the primary concern is to protect the shipowner's right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum. To accommodate the competing interests of a shipowner's right to limit liability and a claimant's right to trial by jury, the Supreme Court has established two situations in which a claimant must be allowed to pursue a claim before a jury. The first situation is where the value of the limitation fund (value of vessel plus freight) exceeds the total value of all claims asserted against the vessel owner, and the second is where only one claim is asserted against the vessel owner. In this second situation, a district court is obliged to dissolve its injunction against all other legal proceedings when only one claim is asserted against the shipowner and sufficient stipulations are filed.

Id. at 417-18 (citations omitted); see Langnes v. Green, 282 U.S. 531, 540-44 (1931); Odeco Oil & Gas Co., 74 F.3d 671, 674 (5th Cir. 1996); Lake Tankers Corp. v. Henn, 354 U.S. 147 (1957); In re Beiswenger Enters. Corp., 86 F.3d 1032, 1037 (11th Cir. 1996); Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir. 1992).

In the present case, Claimants' action does not fit into either of these two situations.

3

First, Claimants seek of a total of $42,000,000 in damages–an amount well above the $1,764,942.30 liability limitation imposed by the Act. Second, as Claimants admit, this is a multiple claimant in an inadequate fund situation rather than a single claimant in an inadequate fund situation. It is precisely this situation that the Act seeks to stay. In a multiple claimant-inadequate fund situation, if other proceedings were not stayed, "claimants might obtain judgment which would, in the aggregate, exceed the fund and thus subject the shipowner to liability in excess of the statutory limit." S & E Shipping Corp., 678 F.2d at 643. However, the Sixth Circuit has allowed multiple claimants in an inadequate fund situation to have a stay order lifted if they convert their multiple claims into a single claim by making stipulations as to the priority in which each of their individual claims would be paid from the limitation fund.[1] Id. at 644 ("Claimants may make stipulations, reducing their claims and establishing priorities, in order to eliminate the need for a limitations proceeding."); see also Beiswanger, 86 F.3d at 1038-39; Magnolia Marine, 964 F.2d at 1576; In re Dammers, 836 F.2d 750, 756 (2d 1988).

Although the Claimants have submitted a stipulation in the present case, the stipulation is inadequate because it fails to state the priority in which the four competing claims would be paid from the limitation fund. Claimants do stipulate as to the priority of attorneys' fees and costs, however, they make no mention as to the order of priority between

---

[1] In addition, similar to single claimants, the stipulation must concede that the limitation fund is equal to the value of the vessel and freight, waive any *res judicata* arguments, and concede that the district court has jurisdiction to decide limitation of liability issues. Id. at n.13. Here, Claimants' stipulation meets these requirements.

the claims of Mary Nell Day, Wayne Day, Jr., Jimmy Bratcher, and Virginia Bracther. Therefore, the stipulation is inadequate to protect the shipowner from limited liability as required by the Limitation of Shipowner's Liability Act. Consequently, Claimants' motion to lift the stay order is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

21 April 2005
DATE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 1:04-CV-01206 was distributed by fax, mail, or direct printing on April 22, 2005 to the parties listed.

---

Bill Striebeck
LAW OFFICES OF BILL STRIEBECK
P.O. Box 519
Greenville, MS 38702--051

Gregory W. O'Neal
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Charles M. Agee
AGEE LAW FIRM
115 Mills Avenue
P.O. Box 280
Dyersburg, TN 38025--028

Honorable James Todd
US DISTRICT COURT