IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF MAGNOLIA MARINE TRANSPORT )<br>COMPANY, AS OWNER AND )<br>OPERATOR OF THE M/V DENNIS )<br>ROSS, HER ENGINES, TACKLE, ETC. )<br>FOR EXONERATION FROM OR )<br>LIMITATION OF LIABILITY. ) | No. 1-04-1206-T-An |

ORDER DENYING CLAIMANTS' RENEWED MOTION TO LIFT STAY

Claimants Mary Nell Day, individually and as the surviving spouse of Wayne Day, deceased, Wayne Day, Jr., individually and as the surviving child of Wayne Day, Jimmy Bratcher, and Virginia Bratcher brought suit in the Circuit Court of Benton County, Tennessee, when Wayne Day and Jimmy Bratcher were involved in a boating accident with Defendant, Magnolia Marine Transport Company, owner and operator of the M/V DENNIS ROSS. On June 5, 2004, the M/V DENNIS ROSS collided with Day's and Bratcher's fishing boat at approximately mile 102 of the Tennessee River System near Camden, Tennessee. As a result of the accident, Day was killed and Bratcher sustained personal injuries. Claimants allege that the negligence, gross negligence, and recklessness of Magnolia Marine and Johnny Partaine, the captain of the M/V DENNIS ROSS, caused Day's and Bratcher's injuries. Claimants seek a total of $42,000,000.00 in damages.

On August 27, 2004, Magnolia Marine filed a verified complaint in this court for

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 5/31/2005



exoneration from or limitation of liability. Jurisdiction is proper under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. On August 30, 2004, this court entered an order restraining and enjoining all claims and legal proceedings against Magnolia Marine pursuant to the Limitation of Shipowner's Liability Act (the "Act"), 46 U.S.C. § 181 *et seq.*, and approving Magnolia Marine's stipulation that the value of the M/V DENNIS ROSS and its pending freight at the time of the accident was $1,764,942.30, thus, limiting its liability to that amount. Claimants' subsequent answer denied that the stipulated value is in fact the value of the vessel and its freight. Claimants then filed a motion to lift the stay order, which was denied because the stipulation failed to state the priority in which the four competing claims would be paid from the limitation fund.

Before the court is Claimants' renewed motion and amended stipulation stating the priority of the four competing claims. Magnolia Marine responded, arguing that the amended stipulation was inadequate because Claimants did not comply with the procedural requirements of the Federal Rule of Civil Procedure Supplemental Rule F. Specifically, Magnolia Marine argues that Claimants' amended stipulation is insufficient because it does not concede that the value of the ship and its pending freight is $1,764,942.30. Rather, Claimant "concedes that this Court has exclusive jurisdiction to determine... the proper value of the limitation fund (i.e., the value of the vessel (or vessels) plus the then pending freight)" and that "this Court has the exclusive authority to determine the value of the vessel (M/V DENNIS ROSS) and her then pending freight sought to be limited in these proceedings

[and] to determine the value of any limitation fund which may be necessary for the satisfaction of claims arising out of this incident against the vessel owner..." Claimants' First Amended Stipulation at ¶¶ 1, 3.

In support of its contention that the amended stipulation is inadequate, Magnolia Marine cites to <u>Complaint of Midland Enterprises</u>, Inc., 886 F.2d 812, 817 (6th Cir. 1989). In <u>Midland Enterprises</u>, the claimant stipulated "[t]hat this Court has full and exclusive jurisdiction to determine the value of the M/V MIKE CREDITOR sought to be limited in these proceedings or the value of any limitation fund which may be necessary for the satisfaction of claims against its owners." <u>Id.</u> at 814. The district court found the stipulation adequate and lifted the stay order. <u>Id.</u> The defendant appealed, arguing that the claimant must stipulate as to the value placed on the ship and its pending freight before the stay could be lifted. <u>Id.</u> at 814, 816. Although the Sixth Circuit affirmed the lifting of the stay and found that the claimant need not stipulate as to the value of the ship and its pending freight, <u>id.</u> at 817, it went on to clarify the procedure outlined in the Federal Rules of Civil Procedure Supplemental Rule F for a claimant to contest a ship's value:

> Federal Rules of Civil Procedure Supplement F provides the detailed procedure for the filing of complaints and responses in connection with limitation of liability actions. The rule in F(7) provides a specific procedure for a claimant to challenge the value placed on the ship and its freight by the plaintiffs. The rule, in pertinent part, reads:
>> (7) Insufficiency of Fund or Security. Any claimant may by motion demand that the funds deposited in court or security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient of excessive it

> shall order its increase or reduction.
>
> Although the claimant here has filed an answer pursuant to F(5), denying the value placed on the ship and its freight by the owner, the claimant has not followed the procedures outlined in F(7) and filed the type of motion that would compel the court to cause an "appraisement" to be made. We therefore direct that claimant is ordered to either file an F(7) motion forthwith challenging the value or concede the value placed on the vessel and its freight by Midland. If either one of these procedures is followed, the state court action may proceed. We want to make it clear, however, that if an F(7) motion is filed, we are not requiring that the state court action be stayed pending the resolution of the F(7) motion. Although we think it be of value to both parties to know as soon as possible just what the monetary limit of liability will be, we leave the scheduling details to the good judgment of the district judge.

Complaint of Midland Enterprises, Inc., 886 F.2d at 817-18. Thus, although the Sixth Circuit affirmed the lifting of the stay where the stipulation failed to concede the value of the ship and its pending freight, it ordered the claimant to either concede or contest the value pursuant to Rule F(7) and left it to the discretion of the court to determine whether the state action should be stayed in the interim.

In the present case, Claimants have not conceded the value of the ship and its pending freight. In contrast, as in Midland Enterprises, they deny that Magnolia Marine's representation of the ship's value is accurate. As such, this court orders Claimants to either file a F(7) motion challenging the value or concede that the value is $1,764,942.30 as claimed by Magnolia Marine. As stated in Midland Enterprises, it is in the discretion of the court as to whether the action is stayed pending determination of the value of the ship. This court agrees with the Sixth Circuit that it is in the best interest of both parties to know what the monetary limit of liability will be; therefore, this court DENIES Claimants' motion to lift the stay order until the ship's value is determined.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_24 May 2005_
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 29 in case 1:04-CV-01206 was distributed by fax, mail, or direct printing on May 31, 2005 to the parties listed.

---

Charles M. Agee
AGEE LAW FIRM
115 Mills Avenue
P.O. Box 280
Dyersburg, TN 38025--028

Gregory W. O'Neal
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Bill Striebeck
LAW OFFICES OF BILL STRIEBECK
P.O. Box 519
Greenville, MS 38702--051

Honorable James Todd
US DISTRICT COURT