IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT )<br>OF MAGNOLIA MARINE TRANSPORT )<br>COMPANY, AS OWNER AND )<br>OPERATOR OF THE M/V DENNIS )<br>ROSS, HER ENGINES, TACKLE, ETC. )<br>FOR EXONERATION FROM OR )<br>LIMITATION OF LIABILITY. ) | No. 1-04-1206-T-An |

ORDER LIFTING STAY

Claimants Mary Nell Day, individually and as the surviving spouse of Wayne Day, deceased, Wayne Day, Jr., individually and as the surviving child of Wayne Day, Jimmy Bratcher, and Virginia Bratcher brought suit in the Circuit Court of Benton County, Tennessee, when Wayne Day and Jimmy Bratcher were involved in a boating collision with a vessel of Defendant, Magnolia Marine Transport Company, owner and operator of the M/V DENNIS ROSS. On June 5, 2004, the M/V DENNIS ROSS collided with Day's and Bratcher's fishing boat at approximately mile 102 of the Tennessee River System near Camden, Tennessee. As a result of the collision, Day was killed and Bratcher sustained personal injuries. Claimants allege that the negligence, gross negligence, and recklessness

of Magnolia Marine and Johnny Partaine, the captain of the M/V DENNIS ROSS, caused Day's and Bratcher's injuries. Claimants seek a total of $42,000,000.00 in damages.

On August 27, 2004, Magnolia Marine filed a verified complaint in this court for exoneration from or limitation of liability. Jurisdiction is proper under Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. On August 30, 2004, this court entered an order restraining and enjoining all claims and legal proceedings against Magnolia Marine pursuant to the Limitation of Shipowner's Liability Act (the "Act"), 46 U.S.C. § 181 *et seq.*, and approving Magnolia Marine's stipulation that the value of the M/V DENNIS ROSS' pending freight at the time of the accident was $1,764,942.30, thus, limiting its liability to that amount.

On May 4, 2005, Claimants filed a motion to lift the stay order, which was denied because the stipulation failed to state the priority in which the four competing claims would be paid from the limitation fund. Claimants then filed a renewed motion to lift the stay and an amended stipulation stating the priority of the four competing claims. On May 24, 2005, the court denied the renewed motion to lift the stay pursuant to Complaint of Midland Enterprises, Inc., 886 F.2d 812 (6th Cir. 1989), and ordered Claimants to either file a motion pursuant to the Federal Rules of Civil Procedure Supplemental Rule F(7) challenging the ship's value or conceding that the value is $1,764,942.30 as claimed by Magnolia Marine. Claimants have now conceded that the value of the ship is $1,764,942.30. Magnolia Marine responded and stated that it does not object to the stay being lifted. Accordingly, the stay of these proceedings is hereby LIFTED.

IT IS SO ORDERED.

_/s/ James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_20 July 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 1:04-CV-01206 was distributed by fax, mail, or direct printing on July 22, 2005 to the parties listed.

---

Bill Striebeck
LAW OFFICES OF BILL STRIEBECK
P.O. Box 519
Greenville, MS 38702--051

Gregory W. O'Neal
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Charles M. Agee
AGEE LAW FIRM
115 Mills Avenue
P.O. Box 280
Dyersburg, TN 38025--028

Honorable James Todd
US DISTRICT COURT